UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AYESHA MANZAR, MAHARUN NESA,
MARINA BORUA, NADIR HUSAIN,
and RAIHAN AHEMED,
individually and on behalf of others similarly situated,

        Plaintiffs,

v.

**CLASS ACTION COMPLAINT**
Docket No.: 23cv2781
Jury Trial Demanded: Yes

PORTFOLIO RECOVERY ASSOCIATES, LLC,

        Defendant.
_____/

Plaintiffs Ayesha Manzar, Maharun Nesa, Marina Borua, Nadir Husain, and Raihan Ahemed, individually and on behalf of other similarly situated (hereinafter collectively referred to as "Plaintiffs"), by and through their attorney, Subhan Tariq, Esq., as and for their Complaint against Defendant, Portfolio Recovery Associates, LLC, (hereinafter referred to as "Defendant" or "PRA"), respectfully set forth, complain and allege, upon information and belief, the following:

## PARTIES

1. Plaintiff Ayesha Manzar is an individual and "consumer" within the meaning of the FDCPA, 15 USC § 1692a(3). Plaintiff resides at Fresh Meadows, NY 11365.

2. Plaintiff Maharun Nesa is an individual and "consumer" within the meaning of the FDCPA, 15 USC § 1692a(3). Plaintiff resides at Jackson Heights, NY 11372.

3. Plaintiff Marina Borua is an individual and "consumer" within the meaning of the FDCPA, 15 USC § 1692a(3). Plaintiff resides at Jamaica, NY 11432.

4. Plaintiff Nadir Husain is an individual and "consumer" within the meaning of the FDCPA, 15 USC § 1692a(3). Plaintiff resides at Jackson Heights, NY 11372.

5. Plaintiff Raihan Ahemed is an individual and "consumer" within the meaning of the FDCPA, 15 USC § 1692a(3). Plaintiff resides at Bronx, NY 10456.

6. PRA is a debt collector that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 140 Corporate Boulevard, Norfolk, VA 23502.

7. PRA is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

*Ayesha Manzar*

9. Upon information and belief, PRA, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

10. Plaintiff received a debt collection letter, dated April 30, 2022, from PRA.

11. Notably, PRA's April 30, 2022 debt collection letter informed Plaintiff that the statute of limitations had expired on the PRA account with account number CAPIT-7805923401****.

12. However, Plaintiff ran her Experian and Trans Union credit reports and noticed that PRA was materially misrepresenting the legal status of Plaintiff's PRA account on Plaintiff's credit reports. Specifically, Plaintiff noticed that PRA was not reporting the statute of limitations as being expired for the PRA account.

*Maharun Nesa*

13. Upon information and belief, PRA, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

14. Plaintiff received a debt collection letter, dated February 20, 2022, from PRA.

15. Notably, PRA's February 20, 2022 debt collection letter informed Plaintiff that the statute of limitations had expired on the PRA account with account number 447994134830****.

16. However, Plaintiff ran her Experian and Trans Union credit reports and noticed that PRA was materially misrepresenting the legal status of Plaintiff's PRA account on Plaintiff's credit reports. Specifically, Plaintiff noticed that PRA was not reporting the statute of limitations as being expired for the PRA account.

*Marina Borua*

17. Upon information and belief, PRA, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

18. Plaintiff received a debt collection letter, dated March 16, 2022, from PRA.

19. Notably, PRA's March 16, 2022 debt collection letter informed Plaintiff that the statute of limitations had expired on the PRA account with account number 578097115732****.

20. Plaintiff also received a debt collection letter, also dated March 16, 2022, from PRA.

21. Notably, PRA's March 16, 2022 debt collection letter informed Plaintiff that the statute of limitations had expired on the PRA account with account number 585637307072****.

22. However, Plaintiff ran her Equifax, Experian, and Trans Union credit reports and noticed that PRA was materially misrepresenting the legal status of Plaintiff's PRA accounts on Plaintiff's credit reports. Specifically, Plaintiff noticed that PRA was not reporting the statute of limitations as being expired for the PRA accounts.

*<u>Nadir Husain</u>*

23. Upon information and belief, PRA, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

24. Plaintiff received a debt collection letter, dated May 19, 2022, from PRA.

25. Notably, PRA's May 19, 2022 debt collection letter informed Plaintiff that the statute of limitations had expired on the PRA account with account number 517805969826****.

26. Plaintiff also received a debt collection letter, also dated May 19, 2022, from PRA.

27. Notably, PRA's May 19, 2022 debt collection letter informed Plaintiff that the statute of limitations had expired on the PRA account with account number 517805908040****.

28. However, Plaintiff ran his Trans Union credit report and noticed that PRA was materially misrepresenting the legal status of Plaintiff's PRA accounts on Plaintiff's credit reports. Specifically, Plaintiff noticed that PRA was not reporting the statute of limitations as being expired for the PRA accounts.

*<u>Raihan Ahemed</u>*

29. Upon information and belief, PRA, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

30. Plaintiff received a debt collection letter, dated December 9, 2022, from PRA.

31. Notably, PRA's December 9, 2022 debt collection letter informed Plaintiff that the statute of limitations had expired on the PRA account with account number 517805939165****.

32. However, Plaintiff ran his Equifax and Trans Union credit report and noticed that PRA was materially misrepresenting the legal status of Plaintiff's PRA account on Plaintiff's credit reports. Specifically, Plaintiff noticed that PRA was not reporting the statute of limitations as being expired for the PRA account.

33. Despite PRA admitting that the statute of limitations on Plaintiffs' accounts had expired, PRA failed to properly disclose that material facts on Plaintiffs' credit reports, resulting in the credit reports appearing misleadingly to potential users of the credit report.

34. Plaintiffs could not ascertain from their credit reports if the subject debts, associated with Plaintiffs' PRA accounts, were time-barred.

35. Any credit grantor who pulled Plaintiffs' credit reports would be unable to readily ascertain the time-barred status of the PRA accounts reporting on Plaintiffs' credit reports.

36. Defendant's actions caused Plaintiffs to expend time and money, in reliance on the misleading statements on their credit reports and lack of consistent sensible information, to ascertain what their options could be and to protect themselves from the risk of improper conversion of their funds.

37. Defendant's actions caused Plaintiffs to expend time and money, in seeking legal counsel, in an effort to mitigate further reputational harm in the form of the Defendant's negative and misleading collection informational furnishment to credit bureaus, and ultimate dissemination to third parties.

38. In addition, Plaintiffs suffered emotional and physical harm because of Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

39. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, material misrepresentation, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

40. Defendant's collection efforts with respect to the debt caused Plaintiffs to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiffs with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

41. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiffs' ability to intelligently respond to Defendant's collection efforts because Plaintiffs and potential credit grantors could not adequately or accurately determine whether the subject debts were not past the statute of limitations, and therefore, whether to make payments on time-barred debts.

## CLASS ACTION ALLEGATIONS

42. Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of themselves and all persons/consumers, along with their successors-in-interest, who have time-barred debts, associated with PRA accounts, which are not being reported correctly as past the statute of limitations on their credit reports, which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiffs' Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have time-barred debts, associated with PRA accounts, which are not being reported as past the statute of limitations on their credit reports, which violate various provisions of the FDCPA.

6

43. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect debts.

44. Excluded from Plaintiff Class is Defendant and all officers, members, partners, managers, directors, and employees of Defendant and its respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

45. There are questions of law and fact common to Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers violate 15 U.S.C. § 1692e and 1692f.

46. Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

47. Plaintiffs will fairly and adequately protect the interests of Plaintiff Class defined in this Complaint. Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiffs nor Plaintiffs' attorneys have any interests, which might cause them not to vigorously pursue this action.

48. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    A. **Numerosity:** Plaintiffs are informed and believe, and on that basis allege, that Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    B. **Common Questions Predominate:** Common questions of law and fact exist as to all members of Plaintiff Class and those questions predominate over any questions

or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers violate 15 U.S.C. § 1692e and 1692f.

C. **Typicality:** Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of Plaintiff Class have claims arising out of Defendant's common uniform course of conduct complained of herein.

D. **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiffs nor Plaintiffs' counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

E. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

49. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

50. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSES OF ACTION

## FIRST COUNT

*Individually and on behalf of all other similarly situated*
**FALSE AND DECEPTIVE REPRESENTATION**
**15 U.S.C. § 1692e**

51. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

52. "Whether a communication is 'false, deceptive, or misleading' under § 1692e 'is determined from the perspective of the objective least sophisticated consumer.'" Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 85 (2d Cir. 2018).

53. According to the Second Circuit Court of Appeals, "[s]everal of our sister circuits have held that the least sophisticated consumer standard encompasses a materiality requirement; that is, statements must be materially false or misleading to be actionable under the FDCPA." *Id*.

54. "These courts have determined that a statement is material 'if it is capable of influencing the decision of the least sophisticated [consumer].'" *Id*.

55. "The materiality inquiry focuses on whether the false statement would frustrate a consumer's ability to intelligently choose his or her response." Luci v. Overton, Russell, Doerr & Donovan, LLP, 789 F. App'x 895, 897 (2d Cir. 2019).

56. Furthermore, according to the Second Circuit Court of Appeals, "[o]ur case law demonstrates that communications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt . . . violate the FDCPA." Gabriele v. Am. Home Mortg. Servicing, 503 F. App'x 89, 94 (2d Cir. 2012).

57. As described herein, Defendant engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e.

58. Defendant's contradictory false, misleading and deceptive statements are material to the least sophisticated consumer.

59. Defendant's false statements regarding the legal status of Plaintiff's PRA accounts, on Plaintiff's credit reports, could mislead Plaintiffs into thinking the subject debts were not past the statute of limitations, and therefore, Plaintiffs would make payments on time-barred debts.

60. 15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

61. Defendant is in violation of 15 U.S.C. §1692e – preface by materially misrepresenting the legal status of Plaintiffs' PRA accounts on Plaintiffs' credit reports.

62. 15 U.S.C. § 1692e(2) prohibits a debt collector from communicating false or misleading representations to a consumer regarding the character, amount, or legal status of the alleged debt.

63. Defendant is in violation of 15 U.S.C. §1692e(2) by materially misrepresenting the legal status of Plaintiffs' PRA accounts on Plaintiffs' credit reports.

64. 15 U.S.C. § 1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

65. Defendant is in violation of 15 U.S.C. §1692e(10) by materially misrepresenting the legal status of Plaintiffs' PRA accounts on Plaintiffs' credit reports.

66. As a result of Defendant's violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## SECOND COUNT

*Individually and on behalf of all other similarly situated*
**UNFAIR AND UNCONSCIONABLE ACTIONS**
**15 U.S.C. § 1692f**

67. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

68. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

69. Defendant is in violation of 15 U.S.C. § 1692f – preface by misrepresenting the legal status of Plaintiffs' PRA accounts on Plaintiffs' credit reports.

70. As a result of Defendant's violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby respectfully request a trial by jury for all claims and issues in their Complaint to which they are or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from Defendants as follows:

A. Awarding Plaintiffs and the Class statutory damages;

B. Awarding Plaintiffs and the Class costs of this Action, including reasonable attorneys' fees and expenses;

C. Awarding pre-judgment interest and post-judgment interest;

D. Declaratory relief that the statute of limitations on Plaintiffs' respective PRA accounts had expired; and

E. Awarding Plaintiffs and the Class such other and further relief as this Court may deem just and proper.

Dated: April 13, 2023

Respectfully submitted,

_____
Subhan Tariq, Esq.
Tariq Law PC
**Attorney for Plaintiffs**
99 Park Avenue, Suite 1100
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com